IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| RICHARD BATIE and CONNIE BATIE § | |
| § | |
| VS. § | MISCELLANEOUS NO. G-10-mc-2001 |
| § | (Lead Case No. G-10-cv-441) |
| SOUTHERN FARM BUREAU § | |
| PROPERTY AND CASUALTY CO. § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of the Defendant, Southern Farm Bureau Property and Casualty Company (SFB); the Motion seeks the dismissal of the Complaint of Plaintiffs, Richard and Connie Batie.  The Motion is ripe for determination and the Court now issues this Opinion and Order.

Plaintiffs' home was damaged by flood waters during Hurricane Ike.  At the time it was insured under a Standard Flood Insurance Policy (SFIP) issued by SFB, a WYO carrier under the National Flood Insurance Program.  SFB sent an adjuster to the Plaintiffs' property who determined that they were owed about $12,000.00.  It is not clear from the record whether Plaintiffs, as is very often the case, submitted a sworn Proof of Loss (POL) for the payment that SFB paid or whether SFB simply relied on the adjuster's written report.  Regardless, Plaintiffs then hired the Miller Law Firm and, through counsel, submitted a sworn POL for an additional $34,267.98, dated February 26, 2009, to SFB.  In a letter to Plaintiffs dated April 9, 2009, SFB informed them that it rejected

their supplemental claim at that time because the necessary supportive documents it has requested had not been received.  The Miller Firm sent SFB another sworn POL, for an additional $56,407.14, dated May 27, 2009.  On July 14, 2009, SFB sent Plaintiffs a letter rejecting the POL for similar reasons.  Subsequently, on August 4, 2009, SFB received another sworn POL for the $349,000.00 policy limits dated July 28, 2009.  This POL came from their current counsel, Samuel Bearman.  In a letter dated August 10, 2009, SFB rejected this POL.  Less than one year later, on August 4, 2010, Plaintiffs sued SFB for breach of contract.

SFB argues that the Plaintiffs lawsuit was not timely filed and should be dismissed.  It correctly points out that suit must be filed within one year of the written denial or partial denial of an insured's claim.  Plaintiffs counter by arguing that under cases like Qader v. FEMA, 543 F.Supp. 2d 558 (E.D. La. 2008), the one-year limitations period begins only after written denial of a sworn POL and their lawsuit was, therefore, timely when filed within a year after the denial of the $340,000.00 POL.

Despite FEMA Bulletin W-13069, which has been carefully reviewed and considered, this Court still finds that Qader approach more persuasive.  Assuming the applicable statute and contractual provisions are ambiguous, this Court agrees with Plaintiffs that the Bulletin is not an interpretative regulation or official action of FEMA

carrying the force of law.  As such, it is not to be accorded Chevron[1] deference.  Christensen v. Harris County, 529 U.S. 576, 587 (2000).  However, it seems that the Qader approach does not control a case like the one at bar.  In Qader and like cases, including cases from this Court, there had been no prior denial of an actual sworn POL.  Here, an existing POL was denied as early as April 9, 2009.  Even using SFB's reliance only on the subsequent denial date of July 14, 2009, the limitations period expired before suit was filed on August 4, 2010.  Had there been no previous denials of an actual POL, it could be argued that the $349,000.00 POL, filed within FEMA's extension, was supplemental to the other two and together they constituted a single POL.  Cf. Young v. Imperial Fire and Casualty Insurance Co., 2014 WL 1456408 (E.D. La., April 15, 2014).  At least one of the earlier denials in this case, however, triggered the limitations period.  The filing of yet another, even timely POL, after the expiration of the one-year period cannot, without a FEMA waiver, reinstate it.  Wagner v. Director, Federal Emergency Management Agency, 847 F.2d 515, 521 (9th Cir. 1988).

      While a dismissal of Plaintiffs' complaint may at first seem harsh, it is a common practice, in the absence of a Defendant's agreement to waive a limitations defense, for a Plaintiff to file a lawsuit before the expiration of any applicable statute of limitations even though serious settlement negotiations of a Plaintiff's claim are pending after a Defendant's initial refusal to pay the claim.

---

[1] Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984)

In the opinion of this Court, the Plaintiffs' suit was not timely filed.

In passing, the Court notes that the limitations period is probably not jurisdictional and may, therefore, be subject to equitable tolling. Cf. United States v. Kwai Fun Wong, 575 U.S. ___, 191 L.Ed. 2d 533 (2015) (Time limits for filing claims under the Federal Tort Claims Act held subject to equitable tolling.) But in this case there were no rare or extraordinary circumstances that prevented Plaintiffs from meeting the deadline. Plaintiffs were not lulled into inaction by any affirmative misconduct of SFB, they simply failed to exercise due diligence. Wagner, 847 F.2d at 521; see also, Barrow v. New Orleans Steamship Ass'n., 932 F.2d 473, 478 (5th Cir. 1991) (The pendency of an internal union grievance procedure does not suspend the 180-day limitation for filing an age discrimination charge.)

For the foregoing reasons, it is **ORDERED** that the Motion for Summary Judgment (Instrument no. 22) of Defendant, Southern Farm Bureau Property and Casualty Company, is **GRANTED** and the Complaint of Plaintiffs, Richard and Connie Batie, is **DISMISSED**.

**DONE** at Galveston, Texas, this      28th      day of July, 2015.

John R. Froeschner
United States Magistrate Judge